## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| MICHELLE A. HOFFMAN, *Personal Representative of the Estate of* David L. Hoffman, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Cause No. 1:16-cv-00190-JVB-SLC |
| JERNANE L. COLEMAN, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is motion to intervene (DE 27) filed by the State of Indiana *ex rel.* Indiana Department of Transportation ("the State") on January 12, 2017, seeking leave of Court to intervene as a plaintiff in this suit pursuant to Federal Rule of Civil Procedure 24. No party has filed a response to the State's motion, and the time to do so has now passed.

For the following reasons, the State's motion will be DENIED.

### *A. Factual and Procedural Background*

Plaintiff Michelle Hoffman, personal representative of the estate of David Hoffman, filed this suit against Defendants Jernane L. Coleman, Johnson Transportation Solutions, LLC, and JB Hunt Transportation, Inc., in Grant Circuit Court, Indiana, on May 4, 2016. (DE 6). The complaint alleges that on October 29, 2015, Coleman recklessly or negligently drove his tractor and trailer through the intersection of State Road 22 and State Road 13 in disregard to the traffic control devices and failed to yield to a vehicle driven by David Hoffman, who died as a result of the collision. (DE 6 ¶¶ 16, 18).

Defendants timely removed the case here based on diversity jurisdiction, 28 U.S.C. §

1332.¹ (DE 1; DE 12). The Court held a preliminary pretrial conference on July 19, 2016, setting the following deadlines: February 15, 2017, for Plaintiff to seek leave to join additional parties and to amend the pleadings; March 17, 2017, for Defendants to seek leave to join additional parties and to amend the pleadings; and August 15, 2017, for the completion of all discovery. (DE 22; DE 23).

The State filed the instant motion to intervene (DE 28) on January 12, 2017, seeking to recover from Defendants damages to its real estate, improvements, and fixtures in the amount of $6,180.60 allegedly caused by the accident.

## B. Legal Standard

Federal Rule of Civil Procedure 24 provides for intervention both as of right and permissively. Under Rule 24(a), "[a] party has a right to intervene when: (1) the motion to intervene is timely filed; (2) the proposed intervenors possess an interest related to the subject matter of the action; (3) disposition of the action threatens to impair that interest; and (4) the named parties inadequately represent that interest." *Wis. Educ. Ass'n Council v. Walker*, 705 F.3d 640, 657 (7th Cir. 2013) (citing *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 773 (7th Cir. 2007)). Intervention of right will not be allowed unless all four of these requirements are met. *See Sokaogon Chippewa Cmty. v. Babbitt*, 214 F.3d 941, 946 (7th Cir. 2000) (citation omitted). "The applicant bears the burden of proving that each of these elements has been satisfied." *Builders Ass'n of Greater Chi. v. City of Chi.*, 170 F.R.D. 435, 440 (N.D. Ill. 1996) (citing *Am. Nat'l Bank & Tr. Co. v. City of Chi.*, 865 F.2d 144, 146 (7th Cir. 1989)).

---

¹ Plaintiff is a citizen of Michigan. (DE 12 ¶ 2). Coleman is a citizen of Pennsylvania; Johnson Transportation Solutions, LLC, is a citizen of New Jersey; and JB Hunt Transportation, Inc., is a citizen of Georgia and Arkansas. (DE 12 ¶¶ 3-5). The amount in controversy as to Plaintiff's claims against Defendants exceeds $75,000. (DE 12 ¶ 6).

"Permissive intervention is allowed under Rule 24(b), once again upon timely application, when an applicant's claim or defense and the main action have a question of law or fact in common." *Sokaogon Chippewa Cmty.*, 214 F.3d at 949 (internal quotation marks omitted). A party seeking to intervene under Rule 24(b) must also establish an independent basis for subject matter jurisdiction. *Pension Benefit Guar. Corp. v. Slater Steels Corp.*, 220 F.R.D. 339, 341 (N.D. Ind. 2004) (citing *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. 1995)). "Permissive intervention under Rule 24(b) is wholly discretionary and will be reversed only for abuse of discretion." *Sokaogon Chippewa Cmty.*, 214 F.3d at 949 (citation omitted).

### C. Analysis

The State does not indicate in its motion whether it is seeking intervention of right pursuant to Rule 24(a) or permissive intervention pursuant to Rule 24(b). Nor does it address, much less discuss, the required elements for either method of intervention.

As to intervention of right under Rule 24(a), the State's motion is timely as it moved to intervene eight months after Plaintiff filed her complaint, and there is no indication that any of the parties would be prejudiced by this delay. *See Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995) (finding that a delay of 19 months from the time the suit was filed to the time intervention was sought was not untimely). The deadlines for seeking leave to amend the pleadings have not yet passed, and discovery is open for seven more months. *See Williams v. Am. Equip. & Fabricating Corp.*, No. 09-1168, 2010 WL 1881998, at *2 (C.D. Ill. May 10, 2010) (finding a motion to intervene timely where it was filed prior to the deadlines for any amendments to the pleadings and plenty of time remained within the discovery period).

Furthermore, it is obvious that the State has an interest in this litigation as it alleges that its real estate, improvements, and fixtures were damaged in the accident in the amount of $6,180.60. (DE 28-1 ¶ 13). Therefore, the State easily satisfies the first two factors required in intervention of right.

The State stumbles, however, at establishing the third factor. It is unclear how the disposition of this action threatens to impair the State's interest, as it seems that the State is not impeded from filing a separate lawsuit in state court against Defendants to recover the property damages that the State seeks. As a result, the State has not carried its burden of showing that *all* of the four requirements of Rule 24(a) have been satisfied with respect to intervention of right. *Sokaogon Chippewa Cmty.*, 214 F.3d at 946; *Builders Ass'n of Greater Chi.*, 170 F.R.D. at 440.

Turning to permissive intervention under Rule 24(b), it is true that the State's claim and the main action appear to have a question of law or fact in common. *See Sokaogon Chippewa Cmty.*, 214 F.3d at 946. However, a party seeking to intervene under Rule 24(b) must also establish an independent basis for subject matter jurisdiction. *See Pension Benefit Guar. Corp.*, 220 F.R.D. at 341 (citing *Sec. Ins. Co. of Hartford*, 69 F.3d at 1381); *see also* 28 U.S.C. § 1367(b). The State, while diverse in citizenship from Defendants, seeks to recover just $6,180.60 in damages from Defendants, and the State's demand is separate from Plaintiff's demand. "When two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount . . . ." *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 719 (7th Cir. 2012) (emphasis omitted) (quoting *Zahn v. Int'l Paper Co.*, 414 U.S. 291, 294 (1973)); *see also Clark v. State Farm Mut. Auto. Ins. Co.*, 473 F.3d 708, 711 (7th Cir. 2007) (citation omitted);

4

*Anthony v. Sec. Pac. Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996) (citations omitted). The State's demand, however, falls short of the minimum amount-in-controversy requirement for diversity jurisdiction, and thus, it has not shown an independent basis for subject matter jurisdiction. *See* 28 U.S.C. § 1332(a) (indicating that the amount in controversy must exceed $75,000 in establishing diversity jurisdiction). "In all cases, the party asserting federal jurisdiction has the burden of proof to show that jurisdiction is proper." *Travelers Prop. Ins.*, 689 F3d at 722.

In sum, the State has failed to carry its burden of establishing all of the required elements for intervention either of right or permissively. Therefore, its motion for intervention under Rule 24 will be denied.

### *D. Conclusion*

For the foregoing reasons, the State's motion to intervene (DE 27) is DENIED.

SO ORDERED.

Entered this 9th day of February 2017.

/s/ Susan Collins  
Susan Collins,  
United States Magistrate Judge
